UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  6:11-cv-00684-JA-KRS

JOSEPH PALAIA,
on his own behalf and others
similarly situated,

    Plaintiff,

v.

TOTAL MARKETING CONCEPTS, INC.,
a Florida corporation, TOTAL MARKETING
TRAINING, INC., a Florida corporation,
SURVEY GROUP CORPORATION, a
Florida corporation, ANDREW DORKO,
Individually, LINDA HARPER, individually,
and GEORGE LONABAUGH, individually,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, JOSEPH PALAIA, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, TOTAL MARKETING CONCEPTS, INC., a Florida corporation, TOTAL MARKETING TRAINING, INC., a Florida corporation, SURVEY GROUP CORPORATION, a Florida corporation, ANDREW DORKO, individually, LINDA HARPER, individually, and GEORGE LONABAUGH, individually, brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.    Plaintiff was an employee of Defendants, and performed his duties in Longwood, Seminole County, Florida, which is within the jurisdiction of this Court.

3. Defendant, TOTAL MARKETING CONCEPTS, INC., is a Florida corporation with its principal place of business in Sanford, Florida.

4. Defendant, TOTAL MARKETING TRAINING, INC., is a Florida corporation with its principal place of business in Sanford, Florida.

5. Defendant, SURVEY GROUP CORPORATION, is a Florida corporation with its principal place of business in Longwood, Florida.

6. At all times material hereto, ANDREW DORKO, was and is an individual resident of the State of Florida, who owns, manages, and/or operates TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., and SURVEY GROUP CORPORATION, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., and SURVEY GROUP CORPORATION.  By virtue of such control and authority, ANDREW DORKO is an employer as such term is defined by the FLSA.  29 U.S.C. 201 et seq.

7. At all times material hereto, LINDA HARPER, was and is an individual resident of the State of Florida, who owns, manages, and/or operates TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., and SURVEY GROUP CORPORATION and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC. and SURVEY GROUP CORPORATION.  By virtue of such control and authority, LINDA HARPER is an employer as such term is defined by the FLSA.  29 U.S.C. 201 et seq.

8. At all times material hereto, GEORGE LONABAUGH, was and is an individual resident of the State of Florida, who owns, manages, and/or operates TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., and SURVEY GROUP CORPORATION and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC. and SURVEY GROUP CORPORATION. By virtue of such control and authority, LINDA HARPER is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

9. Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., SURVEY GROUP CORPORATION, GEORGE LONABAUGH, ANDREW DORKO and LINDA HARPER, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

10. Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., SURVEY GROUP CORPORATION, GEORGE LONABAUGH, ANDREW DORKO and LINDA HARPER, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

11. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

13. At all times pertinent to this Complaint, Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., and SURVEY GROUP CORPORATION, were enterprises engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

14. In addition, Plaintiff himself was engaged in interstate commerce at all times pertinent to this Complaint.

15. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

16. During Plaintiff's employment, he worked as a non-exempt Sales Representative, however titled, and was paid by the hour.

17. Plaintiff's duties included tasks such as making cold calls to prospective customers and receiving incoming phone calls from Defendants' existing and prospective customers.

18. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks. Instead, Defendants only paid Plaintiff and the similarly situated employees at their regular hourly rates for hours over 40 in multiple work weeks.

19. Defendants accomplished this by engaging in practices, including but not limited to, requiring Plaintiff and similarly situated employees to punch in at the beginning of their day

4

with a time card for one Defendant. Then having them punch out from work with that Defendant, and punch in again and work on the time card of the other Defendant for the rest of the day. As a result, their hours, at the end of each day and the end of each week, would be divided between two different named corporations, although they were performing the same work, in the same location, under the same supervision for joint employers. However, Defendants would issue their compensation through separate pay checks to avoid having one paycheck reflecting overtime hours worked.

20. In addition, Plaintiff and similarly situated employees worked "off the clock hours" in one or more work weeks for which they were not compensated.

21. Further, Defendants did not factor commissions earned by Plaintiff and similarly situated employees into their regular rates of pay for purposes of computing overtime wages due.

22. The additional persons who may become Plaintiffs in this action are current and former Sales Representatives of Defendants, however titled, who worked overtime hours during their employment with Defendants on or after April 2008, but were not compensated for those overtime hours.

23. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

24. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

5

25.     Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

26.     Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27.     Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 26 above.

28.     Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

29.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

30.     As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, JOSEPH PALAIA, and other similarly situated employees, demand judgment against Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., SURVEY GROUP CORPORATION, GEORGE LONABAUGH, ANDREW DORKO and LINDA HARPER, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: April 29, 2011  
Boca Raton, Florida

Respectfully submitted,

**/s/ CAMAR R. JONES**  
Gregg I. Shavitz, Esquire  
E-mail: gshavitz@shavitzlaw.com  
Florida Bar No. 11398  
Trial Counsel  
Camar R. Jones, Esquire  
E-mail: cjones@shavitzlaw.com  
Florida Bar No. 720291  
Trial Counsel  
Shavitz Law Group, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831