**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH PALAIA,**

                **Plaintiff,**

**-vs-**                                         **Case No. 6:11-cv-684-Orl-28KRS**

**TOTAL MARKETING CONCEPTS, INC.,**
**TOTAL MARKETING TRAINING, INC.,**
**ANDREW DORKO, LINDA HARPER,**
**SURVEY GROUP CORPORATION,**
**GEORGE LONABAUGH,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**     **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 176)**
>
> **FILED:**     **December 30, 2011**

## I. PROCEDURAL HISTORY.

Plaintiff Joseph Palaia and 83 opt-in Plaintiffs[1] and Defendants Total Marketing Concepts, Inc., Total Marketing Training, Inc., Survey Group Corporation, Andrew Dorko, Jr., Linda Harper and George Lonabaugh seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* They filed a copy of a revised Settlement Agreement and Release. Doc. Nos. 183-1, 184.[2] Although only Plaintiff Palaia signed the revised Settlement Agreement on behalf of all Plaintiffs, counsel for Plaintiffs advised the Court at the hearing that each Plaintiff has been notified of the amount he or she will receive in the settlement and agrees to accept that amount in settlement of the claims.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back

---

[1] The following individuals have joined this action as opt-in Plaintiffs: Alisha Farias, Sommay Julie Sonthaly, Jarron Lampkin, Tamara Jeune, Mercedes Lugo, D'Andre McBride, Sendy Semsey, Andrew Ernst, Carl Faustin, Jason Perez, Kimberly Borda, Chad Davis, Christina Dessow, Dexter Davis, Laura Hay, Jamijja Herring, Lisa Roberson, Keith Johnson, Radeisha Brinson, Joyce Bryant, David Charles Diaz, Alexis O'Neal, Lynette Yancy, Larry Rice, Andrea Johnson, Eric Augburn, La'Shay Brown, Shanae Knight, Kurt Mitchell, Danien Newman, Misty Gaines, William Whalen, Shani Holland, William Presley, Karen Burton, Trinity Spears, Naila Molina, Sidney Okudzeto, Alonica Holmes, James Stotler, Leshon Tindell, Waynettia Johnson, Anthony Ware, Edward Underwood, Samantha Satoski, Derrick Eggleston, Clarissa Gibbs, Jamaal Holman, Richard Lewis, Tawana Byrd, Shawn Chapin, Jordan Clemons, Javeda Henry, Paula Madison, Jaunetta Simmons, Michelle Swan, Patricia Martindale, Lydia Cantu, Michelle Clarke, Kenneth Eggleston, James Mitchell, Robert Schara, Whitney Shelton, Lanelle Smith, Frank Terrazas, Taleshia Byrd, Amanda Sharp, Nicholas Sloan, David Smith, Raymond Talana, Concettina Todaro, Derek Tuley, Kenneth Huffman, Jr., Michael Clinger, Patricia Corbett, Denise Fuller, Andrea Harmon, Arlyne Hope, Donald Marshall, Donna Marvin, Almalizette Olson, Martha Simmons and Tomeka Simmons.

[2] At a hearing on the motion, the undersigned expressed concern about the breadth of the release in the original settlement agreement, Doc. No. 176-1, which included, among other things, release of future wage claims against future, presently unknown shareholders of the Defendant entities. I will address the breadth of the release in the revised settlement agreement *infra*.

wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[3] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

Many of the Plaintiffs filed answers to the Court's interrogatories in which they averred that they were owed more than they will receive under the settlement agreement. Defendants provided time and payroll records and "log in" and "log out" times on Defendants' computer systems for each Plaintiff, which records were reviewed by a forensic accountant. Each Plaintiff was credited with a lunch break that was automatically deducted if the log in/log out records showed that Plaintiffs were logged in during their meal break on a given day. Overtime compensation and minimum wages due

---

[3] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

but unpaid were computed. Plaintiffs performed a sample test of the forensic accountant's calculations and confirmed that the calculations are correct based on the available information. Doc. No. 176 at 3-4.

Under the settlement agreement, Defendants agree to pay Palaia and each opt-in Plaintiff all of the minimum wages, overtime compensation and liquidated damages[4] he or she could recover in this action had this case proceeded to trial based on the calculations described above. No. 176 at 4-5. Therefore, although some or all of the Plaintiffs are accepting less in settlement then they originally claimed to be owed, the parties agree that each of them will receive under the revised settlement agreement all of the FLSA wages and liquidated damages due. Under these circumstances, none of the Plaintiffs have actually compromised their claims.

Counsel for Plaintiffs will also receive attorney's fees and costs under the settlement agreement. Counsel state that the amount of attorney's fees and costs was negotiated separately and above and beyond the damages due to Plaintiffs. Doc. No. 176 at 4. When attorney's fees are agreed upon separately, without regard to the amount paid to each plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

---

[4] Defendants have agreed to pay liquidated damages only as part of the settlement; they do not concede, and the Court need not determine, that they engaged in any willful or wanton violation of the FLSA.

With respect to the reasonableness of the settlement, the revised settlement agreement provides, in summary, that Plaintiffs release Defendants, which term is defined as the named Defendants "and their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, and representatives, in their individual and official capacities, and their heirs and legal representations." Doc. No. 183-1 at 2-3. The scope of the released claims is as follows:

> [W]ith respect to the allegations of Plaintiffs' Complaint in Case No. 6:11-cv-684-Orl-28KRS, pending in the United States District Court for the Middle District of Florida and including but not limited to any and all claims and demands, past, present and all manner of action and actions, causes of action, suits, administrative proceedings, debts, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity, which Plaintiffs . . . ever had or now have with respect to any wages, overtime pay, compensation for work completed for TMC, TMT and/or SGC including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiffs in this Action.

*Id.* at 4. Because the released claims are limited to those that accrued as of the date of execution of the revised settlement agreement – not claims that may accrue in the future – and the type of claims are limited to wages, overtime pay, and compensation for work completed for the entity defendants that could have been asserted in the present case, I recommend that the Court find that the scope of the release is not so broad as to render the settlement unreasonable.

The revised settlement agreement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of fees paid to their attorneys.

Therefore, the Court may approve this settlement without considering the reasonableness of the attorneys' fees.[5]

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that there is a confidentiality provision in the revised settlement agreement that is unenforceable, at least in part, due to the public filing of the document. *See* Doc. No. 183-1 ¶¶ 7, 8. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Stipulation of Dismissal with Prejudice, Joint Motion for Approval of Settlement, Doc. No. 176;

3. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs;

4. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

5. **DISMISS** the case with prejudice; and,

---

[5] Counsel for Plaintiffs are cautioned, however, that representation of individual plaintiffs in FLSA cases requires not only negotiation regarding the amount of compensation to be paid in a settlement but also the scope of released claims. *See, e,g.,* Doc. No. 180 and cases cited therein. They should not again fail to consider the case law cited in the Order and Notice of Hearing and their progeny in negotiating settlements of FLSA cases.

6. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 16th, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE